



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS A GRAGG<br><br>Plaintiff,<br><br>-against-<br><br>N.Y.S. DEPARTMENT OF ENVIRONMENTAL CONSERVATION<br><br>Defendant. | STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)<br><br>97CV1506<br><br>NAM/GJD |

WHEREAS, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiff and the New York State Department of Environmental Conservation, parties to the above entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, that the above entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1. Plaintiff discontinues this action with prejudice and without damages, costs or interest and discharges and releases the New York State Department of Environmental Conservation and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not commence in any court, arbitration or administrative action, any litigation or claims against the New York State Department of Environmental Conservation, pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

2. Defendant discharges and releases Plaintiff of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action.

3. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

4. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

5. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action

is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

6. Following the execution of this stipulation, and its being ordered by the Court, the New York State Department of Environmental Conservation shall pay to Plaintiff's attorney the sum of three thousand dollars ($3,000.00) in full settlement of any and all claims. Payment of this amount shall be made in a check made payable to Plaintiff's attorney, Stefan D. Berg, Esq., in the amount of $3,000.00. This amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorneys' fees. The check will be mailed to Plaintiff's attorney, Stefan D. Berg, Esq., at 309 Arnold Avenue, Syracuse, New York 13210.

7. Payment by the New York State Department of Environmental Conservation of the amount specified in paragraph 6 is subject to the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

8. This stipulation shall be null and void if the approvals referred to in paragraph 7 are not obtained, and this matter shall then be placed back on the trial calendar without prejudice.

9. Payment of the amounts referenced in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court.

10. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120-day period set forth in paragraph 9, interest shall begin to accrue on the outstanding

principal balance at the statutory rate on the one hundred and twenty-first day after court approval.

11.  After the approval required under paragraph 7 have been obtained, Plaintiff agrees to provide: (a) an affidavit to Defendant's counsel, swearing that he has not suffered any seizure of loss of consciousness or seizures since December 1995, and (b) statements from his currently treating neurologist and endocrinologist attesting to the fact that Plaintiff has suffered no loss of consciousness or seizure since December 1995 and that there is no medical reason why Plaintiff should not be permitted to operate a motor vehicle while on State business for the New York State Department of Environmental Conservation. The statement of the neurologist and endocrinologist shall also attest to the fact that Plaintiff's medical condition does not prevent him from performing on-call spill response duties involving responding to and overseeing the remediation of hazardous substances and petroleum spills. The statement should attest to the fact that Plaintiff is medically able to (1) drive to the spill site, (2) work outdoors in all weather conditions, (3) be on-call for a one-week period during approximately every five weeks, during which he would respond to off-hour incidents in a six-county area, 24 hours a day, seven days per week, and (4) work up to 14 hours per day when necessary.

12.  If and when such acceptable documentation is provided to Defendant's counsel, the New York State Department of Environmental Conservation will permit Plaintiff to operate a motor vehicle while on State business, and when requested by Plaintiff, consider Plaintiff medically eligible for positions requiring involving on-call spill response activities when Plaintiff is otherwise eligible for such consideration.

13.  Within 15 days after submitting to the Commissioner of the New York State Department of Motor Vehicles the affidavit required pursuant to 15 NYCRR §9.5, Plaintiff will also

provide his immediate supervisor with a copy of such affidavit.

14.   In the event Plaintiff suffers any loss of consciousness, as defined in 15 NYCRR §9.2, Plaintiff will immediately, or as soon thereafter as possible, notify his immediate supervisor in writing at which time Plaintiff will not be permitted to drive a vehicle on official State business or to function as an on-call spill response provider. This bar shall continue for a period of one year after such loss of consciousness, or, in the event Plaintiff's driver's license has been suspended by the Commissioner of the New York State Department of Motor Vehicles, until the end of that suspension period, whichever is longer. At the end of the applicable suspension period, Plaintiff will provide his supervisor with statements from his neurologist and endocrinologist attesting to the fact that Plaintiff can now drive and perform on-call spill response duties as set forth in paragraph 11 above. In the event that Plaintiff fails to provide such statements, the New York State Department of Environmental Conservation shall have no duty to permit Plaintiff to drive a motor vehicle on State business or engage in on-call spill response activities referred to above.

15.   The foregoing constitutes the entire agreement of the parties.

Dated: Syracuse, New York
       June 4, 2001

_____
Stefan D. Berg, Esq.
Attorney for Plaintiff Gragg
309 Arnold Avenue
Syracuse, New York  13210

Dated: Albany, New York
~~June 4, 2001~~
August 6, 2001

ELIOT SPITZER
Attorney General of the State of New York
Attorney for Defendant New York State Department of
    Environmental Conservation
Office of the Attorney General
The Capitol
Albany, New York  12224


By: *Karen Marcoux Mankes*
Karen Marcoux Mankes
Assistant Attorney General
Bar Roll No. 104347
Telephone: (518) 474-4367


Dated:   Syracuse, New York
        June 4, 2001

SO ORDERED:   *Norman A. Mordue*
HON. NORMAN A. MORDUE
UNITED STATES DISTRICT COURT JUDGE
August 8, 2001